CARLETON R. BURCH
Nevada Bar No. 10527
crb@amclaw.com
VINCENT JAMES JOHN ROMEO
Nevada Bar No. 9670
vjjr@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
601 S. Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 479-1010
Facsimile: (702) 479-1025
**Attorneys for Defendant AMERICAN MODERN HOME INSURANCE COMPANY**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VICTORIA WACKER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BROWN & BROWN INSURANCE SERVICES, INC., a Foreign Corporation; AMERICAN MODERN HOME INSURANCE COMPANY, a Foreign Corporation; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>Defendants. | Case No. 2:25-cv-00703<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Defendant, AMERICAN MODERN HOME INSURANCE COMPANY, ("AMERICAN"), acting by and through their counsel, Anderson, McPharlin & Conners, LLP, Defendant, BROWN & BROWN INSURANCE SERVICES, INC. ("BROWN"), acting by and through its counsel Duane Morris, LLP, and the Plaintiff, VICTORIA WACKER ("PLAINTIFF"), by and through her counsel Richard Harris Law Firm respectfully submit this Joint Discovery Plan and Scheduling Order pursuant to this Court's April 29 2025, Minute Order. (Collectively the Plaintiff and the Defendants AMERICAN and BROWN are referred to herein as the "Parties.")

I.   Preliminary Information

AMERICAN moved this action from Clark County Nevada District Court to this Court on April 21, 2025 [ECF No. 1]. Defendants were served with a copy of the State Court Summons and Complaint on April 7, 2025.

The first Answering Defendant's Answer in this matter was filed on **May 12, 2025.** [ECF No. 18].

II.     Information Required Under Fed. R. Civ. P. 26(f)

    1.     Initial Disclosures. Initial disclosures will be provided by mutual consent of all Parties on or before **Tuesday July 8, 2025**.

    2.     Areas of Discovery. The parties anticipate Discovery will be required in the following areas:

        a.     The facts and circumstances regarding the allegations in Plaintiff's Complaint including Plaintiff's underlying damages their basis and value, insurance requested by and/or provided to JRY3 Enterprises dba Scoot City (hereinafter "Scoot City"), insurance claims submitted by Scoot City related to Plaintiff's claims, Defendants' duties to the Plaintiff and/or Scoot City, if any, and liability, if any, arising out of the Plaintiff's allegations; and

        b.     The facts and circumstances that will enable the Court to determine the validity of affirmative defenses asserted by the Defendants including without limitation Plaintiff's failure to sufficiently plead basis for causes of action, lack of any duties owed to the Plaintiff, lack of any duties owed to Scoot City, express action of Scoot City barring any liability to the Plaintiff by the Defendants, and/or any other affirmative defenses.

The forgoing list is not exhaustive and any party may propound discovery as allowed by the Federal Rules of Civil Procedure, the Local Rules of the Court, and this Order. Each party reserves the right to object, as may be appropriate, to any specific discovery request in the topics set forth above, and their topical inclusion shall not serve as a waiver of any such objection. The Parties reserve any general Discovery matters as needed.

    3.     Completion of Discovery. The parties anticipate that Discovery focused on the above issues can be completed within **270 days** from the date on which the first Defendant submitted an Answer in this action **May 12, 2025**, which is no later than **February 6, 2026**, as the one-hundred and eightieth day is a Saturday**.**

/ / / /

4.  Orders under Fed. R. Civ. P. 26(c) and 16(b) and (c). The parties are not aware of any other matter or order that should be entered under these Rules. The parties may require a protective order regarding confidential financial information that they do not want to be made public. The parties will comply with Fed. R. Civ. P. Rule 26(c) in seeking such a protective order.

III.  Information Required Under LR 26-1(b)

1.  Discovery Cut-Off Date.  Discovery shall be completed by **February 6, 2026**, Stipulations or motions to extend the time for discovery shall be filed not later than twenty-one (21) days prior to the subject deadline and shall comply with LR 26-4.

2.  Amending the Pleadings and Adding Parties.  Motions to amend pleadings, or to add parties, shall be filed not later than eighty-eight (88) days prior to the close of Discovery, or **November 10, 2025,** as ninety days prior to close of discovery is a Saturday.

3.  Fed. R. Civ. P. 26(a)(2) Disclosures (Experts).  The Plaintiff will disclose initial experts, if any, not later than sixty (60) days prior to the close of Discovery, or **October 8, 2025.** Defendants will disclose initial and rebuttal experts, if any, within sixty (60) days after Plaintiff's initial expert disclosure, or **December 5, 2026,** to allow efficient selection of required experts. Plaintiff's rebuttal experts shall be disclosed within thirty (31) days after Defendants' initial disclosure of experts and no later than **January 9, 2026**, as thirty days after Defendants' disclosure is a Sunday.

4.  Dispositive Motions.  The parties will file Dispositive Motions not later than thirty-one (31) days after the Discovery Cut-Off Date, or **March 9, 2026,** as thirty days after the Discovery Cut-Off Date is a Sunday.

5.  Pretrial Order.  The parties shall file the joint Pretrial Order no later than thirty (30) days after the date set for filing Dispositive Motions, or **April 7, 2026**. If the parties file Dispositive Motions, then the duty to submit a Pretrial Order shall be suspended until thirty (30) days after the final decision on the Dispositive Motions or further Order of the Court.

6.  Fed. R. Civ. P. 26(a)(3) Disclosures.  All disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the Pretrial Order.

/ / / /

7. <u>Alternative Dispute Resolution</u>. The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation and arbitration.

8. <u>Alternative Forms of Case Disposition</u>. The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

9. <u>Electronic Evidence</u>. A jury trial has not been demanded, so the Parties did not discuss whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations.

DATED: July 8, 2025                ANDERSON, McPHARLIN & CONNERS LLP

By: /s/ Vincent James John Romeo
Carleton R. Burch
Nevada Bar No. 10527
Vincent James John Romeo
Nevada Bar No. 9670
Attorneys for Defendant, AMERICAN MODERN HOME INSURANCE COMPANY

DATED: July 8, 2025                RICHARD HARRIS LAW FIRM

By: /s/ Charles S. Jackson
Charles S. Jackson, Esq.
Nevada Bar No. 12158
Attorneys for Plaintiff, VICTORIA WACKER

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

DATED: July 8, 2025                    DUANE MORRIS LLP

By: /s/ Ely Markarian
Ely Markarian, Esq.
Nevada Bar No. 12975
Daniel B. Heidtke, Esq.
Nevada Bar No. 16108
Attorneys for Defendant, BROWN & BROWN INSURANCE SERVICES, INC.

### ORDER

IT IS SO ORDERED.

DATED: 7/10/2025

_____
UNITED STATES MAGISTRATE JUDGE